IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Neil Miller, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER FOR RULE 26(f) PLANNING** |
| | ) | **MEETING AND RULE 16(b)** |
| vs. | ) | **SCHEDULING CONFERENCE,** |
| | ) | **AND ORDER RE RESOLUTION** |
| | ) | **OF DISCOVERY DISPUTES** |
| Equinor Energy LP, | ) | |
| | ) | Case No.:  1:21-cv-176 |
| Defendant. | ) | |

**IT IS ORDERED**:

**RULE 26(f) MEETING & RULE 16(b) SCHEDULING CONFERENCE**

The court shall hold a Rule 16(b) initial pretrial scheduling/discovery conference on December 10, 2021, at 10:00 AM.  To participate in the conference, counsel shall call the following number and enter the following access code:

Tel. No.: (877) 810-9415

Access Code: 8992581

Parties are advised that telephone conferences may be electronically recorded for the convenience of the Court.

In preparation for the conference, counsel are directed to confer in accordance with Rule 26(f) of the Federal Rules of Civil Procedure.  Counsel shall submit to the magistrate judge a joint proposed scheduling/discovery plan that reflects the Rule 26(f) discussions and includes at least those items listed in form Scheduling/Discovery Plan posted on the court's website (www.ndd.uscourts.gov/forms/).  Counsel shall confer, complete and prepare the form, obtain the appropriate signatures,  and e-mail the document in "WordPerfect" or in "Word" format to ndd_J-

1

Hochhalter@ndd.uscourts.gov **NO LATER THAN TWO BUSINESS DAYS PRIOR TO THE CONFERENCE.** Any disagreements among counsel shall be addressed at the scheduling conference.

During the Rule 26(f) meeting, counsel shall discuss the nature and basis of their claims and defenses, the possibilities for a prompt settlement or resolution of the case, and the scope and type of discovery, including electronic discovery. Counsel shall also make or arrange for the disclosures required by Rule 26(a)(1), and develop their joint proposed scheduling/discovery plan. These are only the minimum requirements for the meeting. Counsel are encouraged to have a comprehensive discussion and are required to approach the meeting cooperatively and in good faith. The discussion of claims and defenses shall be a substantive, meaningful discussion. In addressing settlement or early resolution of the case, counsel are required to explore the feasibility of ADR not only between themselves but with their clients as well. If the parties elect not to participate in an early ADR effort, the court may nonetheless require a settlement conference shortly before trial.

In addressing the Rule 26(a)(1) disclosures, counsel shall discuss the appropriate timing, form, scope or requirement of the initial disclosures, keeping in mind that Rule 26(a)(1) contemplates the disclosures will be made by the date of the Rule 16(b) initial scheduling conference and will include at least the categories of information listed in the rule. Rule 26 affords the parties flexibility in the scope, form and timing of disclosures under both Rule 26(a)(1) (initial disclosures) and Rule 26(a)(2) (expert witness disclosures), but the parties' agreement on disclosures is subject to approval by the court. In their discussion of disclosures, counsel shall address issues of relevance in detail, with each party identifying what it needs and why. The discussion shall include as well the sequence and timing of follow-up discovery, including whether that discovery should be conducted informally or formally and whether it should be conducted in phases to prepare for filing

of particular motions or for settlement discussions.

In addressing electronic discovery, counsel shall discuss what electronic sources each party will search (including whether the search will include any personal devices, texts, emails, etc.), difficulty of retrieval, preservation of records, the form of production (electronic or hard-copy, format of production, inclusion of meta-data, etc.), cost of production and which party will bear the cost, privilege/waiver issues, and any other electronic discovery issues present in the case.  Before engaging in the Rule 26 discussion, counsel should determine who is most familiar with the client's computer system, what electronic records the client maintains, how the client's electronic records are stored, the difficulty/ease of retrieving various records, the existence and terms of the client's document retention/destruction policy, whether the client has placed a "litigation hold" preventing destruction of potentially relevant records, and whether such records or stored by a party, or by organizations or individuals associated with the party..

The deadlines in the scheduling/discovery plan shall be mutually agreeable, with a view to achieving resolution of the case with a minimum of expense and delay.  At the Rule 16(b) conference, the court will review the plan with counsel.  <u>The date for the dispositive motion deadline shall not be later than December 9, 2022, unless good cause is shown at the scheduling conference for a later date.</u>  Counsel are informed that the dispositive motion deadline is used in assigning the trial date, and the court must allow adequate time for briefing and ruling prior to the final pretrial conference and trial dates.

<u>**RESOLUTION OF DISCOVERY DISPUTES**</u>

It is hereby **ORDERED** that the following steps be undertaken by all parties <u>prior</u> to the filing of any discovery motions:

1)     The parties are strongly encouraged to informally resolve all discovery issues and disputes without the necessity of Court intervention. In that regard, the parties are first required to confer and fully comply with Rule 37(a)(1) of the Federal Rules of Civil Procedure and Local Rule 37.1 by undertaking a sincere, good faith effort to try to resolve all differences without Court action or intervention;

2)     In the event that reasonable, good faith efforts have been made by all parties to confer and attempt to resolve any differences, without success, the parties are then required to schedule a telephonic conference with the Magistrate Judge in an effort to try to resolve the discovery dispute <u>prior to</u> the filing of any motions. The parties shall exhaust the first two steps of the process before any motions, briefs, memorandums of law, exhibits, deposition transcripts, or any other discovery materials are filed with the Court.

3)     If the dispute still cannot be resolved following a telephonic conference with the Magistrate Judge, then the Court (Magistrate Judge) will entertain a motion to compel discovery, motion for sanctions, motion for protective order, or other discovery motions. In connection with the filing of any such motions, the moving party shall first fully comply with all requirements of Rule 37(a)(1) of the Federal Rules of Civil Procedure and Local Rule 37.1 and shall submit the appropriate certifications to the Court as required by those rules.

4)     The Court will refuse to hear any discovery motion unless the parties have made a sincere, good faith effort to resolve the dispute <u>and</u> all of the above-identified steps have been strictly complied with. A failure to fully comply with all of the prerequisite steps may result in a denial of any motion with prejudice and may result

in an award of costs and reasonable attorney's fees.

Dated this 16th day of November, 2021.

                                                                              */s/ Clare R. Hochhalter*
                                                                          Clare R. Hochhalter, Magistrate Judge
                                                                          United States District Court