IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| Neil Miller, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:21-cv-00176-DLH-CRH |
| | ) | |
| vs. | ) | |
| | ) | **STIPULATED CONFIDENTIALITY** |
| Equinor Energy LP, | ) | **AGREEMENT AND PROTECTIVE** |
| | ) | **ORDER** |
| Defendant. | ) | |

IT APPEARING that certain information and documents subject to discovery in these proceedings may contain secret, confidential, or proprietary information, the parties to the captioned action, by and through their undersigned attorneys, HEREBY STIPULATE AND AGREE as follows:

**I.    SCOPE AND IMPLEMENTATION OF THE PROTECTIVE ORDER**

1. This Stipulated Confidentiality Agreement and Protective Order ("Protective Order"), will govern the handling and dissemination of all Documents and Information (e.g., contained in documents produced pursuant to the Federal Rules of Civil Procedure, contained in documents produced pursuant to a request for production of documents, provided in an answer to an interrogatory or contained in a document produced in lieu thereof, produced in response to a subpoena *duces tecum*, provided by way of testimony or affidavit, presented in any pleading or memorandum, contained in responses to requests for admission, or produced with any correspondence) produced or disclosed, formally or informally, in any manner during the course of the above-captioned action ("Action").

2. All Documents and Information produced or disclosed pursuant to this Protective Order shall be used solely for the purpose of this litigation and only in the manner specified in this

Protective Order, and not in connection with any other litigation or judicial proceeding or for any business, commercial, competitive, personal, or other purpose whatsoever.

## II.     DESIGNATION OF CONFIDENTIAL INFORMATION

1.      "Confidential Information" is any non-public Document or information that a party reasonably and in good faith would not normally reveal to others unless such others would maintain it in confidence. "Confidential Information—Attorney's Eyes Only" is Confidential Information that a Producing Party contends in good faith to be highly sensitive Confidential Information that could result in irreparable harm to the Producing Party if disclosed to the Receiving Party.

2.      Before the production of any Document or Information containing Confidential Information or Confidential Information—Attorney's Eyes Only, the party producing the Document or disclosing the Information ("Producing Party"), shall mark each page containing such Confidential Information or Confidential Information—Attorney's Eyes Only with a legend substantially in the following form: "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY."  The legend shall be placed as to not physically impede the view of text or characters on the produced document in any way.  If any Confidential Information or Confidential Information—Attorney's Eyes Only is disclosed in deposition testimony, the party claiming confidentiality shall notify the other parties of the portion of the testimony for which such treatment is sought within 21 days after receipt of the transcript, and each page of the transcript which contains Confidential Information or Confidential Information—Attorney's Eyes Only shall be marked with such a legend and delivered by the party claiming confidentiality to all other parties within a reasonable time period thereafter.  Deposition transcripts shall be considered Confidential Information in their entirety until the expiration of the 21-day period.

3. With regard to non-written materials, such as recordings, magnetic media, photographs, and things, containing Confidential Information or Confidential Information—Attorney's Eyes Only, the legend shall be affixed to the material, or a container for it, at the time of production.

4. Confidential Information or Confidential Information—Attorney's Eyes Only shall not be given, shown, made available, or communicated in any way to anyone except as described in Section III, Paragraphs 1 and 2, below.

### III. DISCLOSURE OR USE OF CONFIDENTIAL INFORMATION

1. The party to whom Confidential Information is produced ("Receiving Party"), may disclose, summarize, describe, reveal or otherwise make available the Confidential Information, in whole or in part, only in accordance with the terms of this Protective Order, and only to the following persons:

   a) the attorneys of record in this Action and their associates and staff;

   b) the Court and Court personnel;

   c) deposition and trial witnesses and court reporters;

   d) the parties and their officers, directors, or managers to the extent necessary for the prosecution of this Action; and

   e) independent experts and consultants to the extent necessary for the prosecution of this action, and provided that they first fully execute an exact copy of the document entitled "DECLARATION OF INTENT TO COMPLY WITH PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION," which is attached hereto and marked as **Exhibit A**.

2. The parties shall have the right to designate Confidential Information as "CONFIDENTIAL—ATTORNEYS' EYES ONLY," if said information is believed in good faith to be highly sensitive Confidential Information that could result in irreparable harm to the Producing Party if disclosed to the Receiving Party. Disclosure of such information shall be limited to the persons designated in Paragraphs 1(a), (b), and (e) of this Section.

3. If a party seeks to file documents designated as "Confidential Information" or "Confidential Information - Attorney's Eyes Only," the party must first file a motion for leave to file under seal, accompanied by a memorandum in support, setting forth the legal basis for sealing the documents, in accordance with the Administrative Policy Governing Electronic Filing and Service. If only portions of the documents designated as "Confidential" contain sensitive information, and a party seeks to file the documents with the court, that party must (1) file a motion for leave to file under seal and a memorandum in support of the motion, which provides an explanation of the legal basis for redacting information from the document, and (2) attach to the motion for leave to file under seal an unredacted copy of the document and a proposed redacted copy of the document. The proposed redactions shall be highlighted or otherwise identified in a manner that enables the Court and the other party to easily review the proposed redactions.

4. In the event that the Receiving Party is required, by court or administrative or regulatory order, or other similar process outside of this litigation, to disclose any of the Confidential Information or Confidential Information—Attorney's Eyes Only, the receiving party, shall, if possible, provide the Producing Party with prompt written notice within five (5) days of receiving any request for Confidential Information or Confidential Information—Attorney's Eyes Only and at least fifteen (15) days prior to the disclosure of Confidential Information or Confidential Information—Attorney's Eyes Only, such that the Producing Party may seek a

protective order or other appropriate remedy to prohibit or to limit such disclosure. If, in the absence of a protective order, the Receiving Party is nonetheless compelled to disclose Confidential Information or Confidential Information—Attorney's Eyes Only, the Receiving Party may, without liability hereunder, disclose such portions of the Confidential Information or Confidential Information—Attorney's Eyes Only that are legally required to be disclosed. The Receiving Party shall as soon as practicable thereafter advise Producing Party of the Confidential Information or Confidential Information—Attorney's Eyes Only so disclosed and the persons to whom it was so disclosed.

## IV.     OBJECTIONS TO CONFIDENTIAL DESIGNATIONS

1.     If any party objects to the designation of any Document or Information as Confidential Information or as Confidential Information—Attorney's Eyes Only and the parties are unable to resolve such objection, the objecting party may move the Court for an Order declaring that the information so designated is not entitled to protection. During the pendency of such motion, and until a determination on the merits has been made by the Court, the material claimed to be Confidential Information or Confidential Information—Attorney's Eyes Only shall continue to be treated as if such designation is appropriate under the terms of this Protective Order.

2.     The parties are not obligated to challenge the designation of any Confidential Information or Confidential Information—Attorney's Eyes Only at the time of receipt, disclosure, or designation thereof, and a failure to do so shall not preclude a subsequent challenge.

## V.     INADVERTENT PRODUCTION OF DOCUMENTS OR INFORMATION

1.     Inadvertent failure to designate any Document or Information that the Producing Party later determines should have been designated Confidential Information or Confidential Information—Attorney's Eyes Only will not be deemed a waiver of the right to make that

designation at a later time.  The party to whom such inadvertent disclosure is made shall, upon written request by the Producing Party, treat such material as Confidential Information or Confidential Information—Attorney's Eyes Only in accordance with this Protective Order.  Upon receipt of such written notice, the party who received the previously undesignated Confidential Information or Confidential Information—Attorney's Eyes Only shall make all reasonable efforts under the circumstances to: (1) retrieve all such material disclosed to persons other than those so authorized pursuant to this Protective Order; (2) prevent further use or disclosure of the Documents or Information contained in the previously undesignated Confidential Information or Confidential Information—Attorney's Eyes Only by or to persons other than those so authorized herein.  The party who made the inadvertent disclosure shall provide all parties to the case new copies of the subject documents affixed with the appropriate Confidential Information or Confidential Information— Attorney's Eyes Only legend.  Upon receipt of such properly marked documents, the recipient shall destroy all unmarked versions of such documents.

2. Inadvertent production of Documents or Information subject to work product immunity or the attorney-client privilege shall not constitute a waiver of this immunity or privilege, provided that the Producing Party shall notify the Receiving Party of such inadvertent production no later than the first time the Producing Party knows or should have known of its use by the Receiving Party.  Those inadvertently produced Documents or Information shall be returned to the Producing Party upon request, and the Receiving Party shall destroy all copies thereof, including electronic copies, as well as all notes, memoranda, or other documents that summarize, discuss, or quote the Documents or Information.  No use shall be made of such Documents or Information during deposition or at trial, nor shall they be shown to anyone who has not already been given access to them after the request to return them.  With respect to the application of any claim of

privilege or immunity for inadvertently produced materials, if the parties are unable to reach a satisfactory agreement within fifteen business (15) days, the Producing Party may, within fifteen (15) business days thereafter, petition the Court to resolve the matter. The Receiving Party shall not disclose the document, for which the belated claim of immunity or privilege is being made, to any persons, other than those persons who have had it in their possession before the receipt of notification from the Producing Party, until the expiration of the fifteen (15) day period identified in this paragraph or, if the matter is submitted to the Court, until disposition of the matter. Nothing in this Protective Order precludes either party from petitioning the Court for return of later-discovered, inadvertently produced attorney work product or attorney-client privileged documents.

**VI.     MAINTENANCE OF CONFIDENTIAL INFORMATION AND CONFIDENTIAL INFORMATION—ATTORNEY'S EYES ONLY**

1.     All persons who receive Confidential Information or Confidential Information—Attorney's Eyes Only in accordance with the terms of this Protective Order shall maintain the same, at all times, in secure facilities with reasonable precautions taken to ensure that access to such material is restricted to persons entitled to have such access pursuant to this Protective Order. It is stipulated that the offices of counsel for both parties constitute suitable secure facilities.

2.     Within 45 calendar days after the conclusion of this Action in its entirety, including all appeals, all parties or persons having received Confidential Information or Confidential Information—Attorney's Eyes Only shall dispose of all designated materials either by destruction or by returning such materials to counsel of record for the Producing Party. Notwithstanding this provision, external legal counsel of record are entitled to retain an archival copy of all pleadings, motion papers, transcripts, deposition transcripts, legal memoranda, correspondence, documents produced, or attorney work product, even if such materials contain Confidential Information or Confidential Information—Attorney's Eyes Only. Any such archival copy that contains or

constitutes Confidential Information or Confidential Information—Attorney's Eyes Only shall remain confidential and subject to this Protective Order.

VII. **UNAUTHORIZED DISCLOSURE**

1. In the event of disclosure of any Confidential Information or Confidential Information—Attorney's Eyes Only to a person not authorized for access to such material in accordance with the provisions hereof, the party responsible for having made, and any party with knowledge of, such disclosure shall immediately inform counsel for the Producing Party whose Confidential Information or Confidential Information—Attorney's Eyes Only has thus been disclosed of all known relevant information concerning the nature and circumstances of the disclosure. The party responsible shall also promptly take all reasonable measures to ensure that no further unauthorized disclosure or use of the Confidential Information or Confidential Information—Attorney's Eyes Only is made. Each party shall cooperate in good faith in that effort.

2. Nothing herein is intended to limit or expand remedies available at law, if any, for a breach of this protective order.

VIII. **LIMITS AND DURATION OF THIS PROTECTIVE ORDER**

1. Entering into, agreeing to, or otherwise complying with the terms of this Protective Order, including producing or receiving Confidential Information or Confidential Information—Attorney's Eyes Only, shall not:

   a) prevent the parties to this Protective Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any Confidential Information or Confidential Information—Attorney's Eyes Only;

    b) prejudice in any way the rights of a party to object to any discovery request seeking production of material it considers not subject to discovery;

    c) prejudice in any way the rights of a party to seek a determination by the Court that any requested discovery be made; or

    d) prejudice in any way the rights of a party to apply to the Court for further protective orders or modifications of this Protective Order.

2. This Protective Order shall govern the parties' actions and will survive the termination of this Action.

3. The foregoing is agreed and stipulated to by the parties, through their counsel, as indicated below.

DATED this 10th day of May, 2022.

MEYER, SHAFFER & STEPANS, PLLP

/s/ Ryan Shaffer
Ryan Shaffer
430 Ryman Street
Missoula, MT 59803
PH: (406) 543-6929
*Attorney for Plaintiff*


CROWLEY FLECK PLLP

/s/ Benjamin Sand
Benjamin Sand, ND Bar #07891
Amy M. Oster, ND Bar #06593
100 West Broadway Avenue, Suite 250
P.O. Box 2798
Bismarck, ND 58502-2798
PH: (701) 223-6585
*Attorneys for Defendant Equinor Energy LP*

**ORDER**

The court **ADOPTS** the parties' Stipulated Confidentiality Agreement and Protective Order without any additions or modifications.

**IT IS SO ORDERED.**

Dated this 11th day of May, 2022.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court

**EXHIBIT A**
**DECLARATION OF INTENT TO COMPLY WITH PROTECTIVE**
**ORDER REGARDING CONFIDENTIAL INFORMATION**

_____      _____
Occupation -job title                                              Printed Name & Signature

_____      _____
Home address                                                           Employer

                                                                                        _____
                                                                                        Employer address

                                                                                        _____
                                                                                        Work telephone number

CHECK ONE    _____    Independent Expert or Consultant
                        _____    Other (Explain: _____)